**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Sankona Graham, | Case No.: 2:25-cv-00229-JAD-DJA |
| Petitioner | **Order Denying**<br>**Application to Proceed** *in Forma Pauperis*<br>**and Dismissing Action without Prejudice**<br>**as Premature** |
| v. | |
| James Dzurenda, et al. | [ECF Nos. 1, 1-1, 3, 4, 5] |
| Respondents | |

This habeas corpus action was initiated by Sankona Graham on February 3, 2025, when he filed an application to proceed *in forma pauperis*,[1] along with a petition for writ of habeas corpus,[2] exhibits in support of the petition,[3] a "Motion Enforcing the Recusal of the Honorable Magistrate,"[4] a motion for appointment of counsel,[5] and an "Amended Motion to Enforce Recusal of Both Judge and Magistrate."[6]

I deny Graham's application to proceed *in forma pauperis* because it does not include the required financial certificate and is therefore incomplete.[7]

Habeas Rule 4 requires federal district courts to examine a habeas petition and order a response unless it "plainly appears" that the petitioner is not entitled to relief.  That is the case

---

[1] ECF No. 1.

[2] ECF No. 1-1.

[3] ECF Nos. 1-2, 1-3, 1-4, 1-5.

[4] ECF No. 3.

[5] ECF No. 4.

[6] ECF No. 5.

[7] *See* LSR 1-2.  On page 3 of the application dated January 28, 2025, ECF No. 1, Graham wrote, "Mailing $5 via inst. check. Brass #2752911."  The court has not received payment of the $5 filing fee.

here, so I dismiss this action.[8] This action is premature because Graham has not exhausted any of his claims in state court. Graham states in his petition that the judgment of conviction that he challenges was entered in Nevada's Fifth Judicial District Court (Nye County) on June 20, 2023, he appealed, and the appeal was decided on August 1, 2024.[9] He filed a petition for post-conviction relief in the trial court on July 22, 2024, and that petition remains pending.[10] He presents claims in his federal petition solely by attaching as an exhibit a copy of his state-court petition.[11] Because the only claims in his federal petition are those he asserted in his state-court petition, and because the state-court petition remains pending in the trial court, it is plain that Graham has not exhausted any of his claims in state court.

The dismissal of this action is without prejudice, meaning that when appropriate—after Graham exhausts his claims in state court—Graham may initiate a new federal habeas case. If and when he does, Graham should not include the case number of this case on his filings initiating his new case. A judge and magistrate judge will be randomly assigned to the new case in the usual manner.

IT IS THEREFORE ORDERED that Graham's application to proceed *in forma pauperis* **[ECF No. 1] is DENIED**.

---

[8] There is no indication of any danger that Graham's claims will become barred by the statute of limitations if this case is dismissed, as Graham's first state post-conviction petition, apparently timely filed, remains pending in the state district court.

[9] ECF No. 1-1 at 1.

[10] *Id.* ("It seems the Honorable Kimberly A. Wanker refuses to review the writ."); *see also id.* at 4 ("Court not reviewing.").

[11] *See* ECF No. 1-1 at 3, 5, 7; ECF No. 1-2 at 3–19.

1   IT IS FURTHER ORDERED that **this action is DISMISSED without prejudice**, and all pending motions **[ECF Nos. 1-4, 3, 4, 5] are DENIED** as moot.  A certificate of appealability is denied as jurists of reason would not find the dismissal of this action to be debatable or wrong.

   The Clerk of Court is directed to **ENTER FINAL JUDGMENT** dismissing this action, **CLOSE THIS CASE**, and **SEND A COPY OF THIS ORDER** to the Nevada Attorney General.

_____
U.S. District Judge Jennifer A. Dorsey
February 20, 2025